than the attestation of the clerk and affixing his seal of office. That this means the clerk of the district court of the United States there can scarcely be room for doubt. After declaring that the assignee may sue for and recover the estate, prosecute and defend all suits in which the bankrupt may be a party, we find the following: "And a copy duly certified by the clerk of the court under the seal thereof of the assignment made by the judge or the register (as the case may be) to him as assignee, shall be conclusive evidence of his title as such assignee to take, hold, sue for, and recover the property of the bankrupt." And to show further that no other proof or probate of the assignment appears to have been made in this case is necessary, I refer to the language of that paragraph of the 14th section which relates directly to registering the assignment. It is as follows: "And shall within six months cause the assignment to him to be recorded in every registry of deeds," &c. If the law had contemplated proof as required by the state laws, is it not most likely the words proved and recorded would have been used?

My opinion is that such assignment does not require to be proved before a clerk of the superior court, or his certificate, to prepare it for registration, but that registers of deeds must record the same upon a certificate of the clerk of the district court that the same is a copy of the assignment on file in his office, with his seal affixed, upon demand that same shall be recorded, and a tender to him of the fees allowed him for such service by the laws of the state. Let this be certified to Mr. Register Lehman.

NEALE (BANK OF WASHINGTON v.).
See Case No. 951.

## Case No. 10,067.

NEALE v. CONINGHAM.

[1 Cranch, C. C. 76.] [1]

Circuit Court, District of Columbia. March Term, 1802.

WITNESS — INCRIMINATION — OBJECTION BEFORE BEING SWORN.

Witness who cannot testify in a cause without criminating himself shall not be sworn.

Trespass, for assault and battery, and false imprisonment.

Mr. Peacock, for plaintiff, produced Richard Spaulding, to prove that the plaintiff was arrested and confined in prison upon a ca. sa. issued by the defendant as a justice of the peace for Washington county, on the 28th of March, 1801, on a judgment rendered by Amariah Frost, a justice of the peace of Prince George's county, on the 24th of September, 1800. The witness objected to being sworn because he was the constable who served the ca. sa., and also the jailor who kept

the plaintiff in confinement, and his testimony would criminate himself.

THE COURT refused to compel him to be sworn.

CRANCH, Circuit Judge, contrā. It is not an objection to his being sworn, but is a good reason for his refusing to answer any question which may criminate himself.

## Case No. 10,068.

NEALE v. HILL.

[1 Cranch, C. C. 3.] [1]

Circuit Court, District of Columbia. April Term, 1801.

EVIDENCE — STAMP ACT — RECEIPT — NOTE FOR SECURITY OF MONEY.

A receipt for hogshead staves to be paid at a certain price is "a note for the security of money," within the stamp act of 1797 [1 Stat. 527].

Assumpsit for goods sold and delivered. Non assumpsit, and issue.

THE COURT, considering the following note as "a note for the security of money," refused to suffer it to go in evidence to the jury, because it was not stamped according to the act of 6th July, 1797, §§ 1, 13 (1 Stat. 527).

The note was in these words, viz.: "Alexandria, December 15, 1798. Received of Mr. Thomas Carberry six hundred and fifty cart white-oak hhd. staves, at the rate of twenty dollars per thousand, and eighteen hundred barrel staves, at ten dollars per thousand, the which I promise to pay the said Thomas Carberry, or order, in all the month of April next ensuing. Witness my hand, day and date above written. George Hill." Indorsed: "December 15th, 1798. Pay the within to Joseph Neale or order, and his receipt shall be good against Thomas Carberry."

## Case No. 10,069.

NEALE et al. v. JANNEY.

[2 Cranch, C. C. 188.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

BANKS AND BANKING — PRIVATE INSTITUTION — LIEN ON STOCK.

The private banking institution, known by the name of the Union Bank of Alexandria, had not, before it obtained its charter, any specific lien on the stock of its stockholders.

This was a special action upon the case, brought by the plaintiffs [Christopher Neale and others] as assignees of Gerrard Plummer, survivor of the firm of Jerome & Gerrard Plummer, against the defendant [John Janney], as president of the Union Bank of Alexandria, for not transferring to the plaintiff 600 shares of the stock of that bank, which J. and G. Plummer had assigned to him in trust to secure payment of 2,000 dollars loaned to them by the bank, the plaintiffs having tendered that sum in full to the de-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]